# In the United States Court of Federal Claims

No. 21-1751

Filed: April 4, 2022

**RALPH SAUNDERS,**

    *Plaintiff,*

v.

**THE UNITED STATES,**

    *Defendant.*

*Ralph Saunders*, pro se, New Orleans, La.

*Delisa M. Sanchez*, Trial Attorney, Commercial Litigation Branch, Civil Division, *Franklin E. White,* Assistant Director, *Patricia M. McCarthy*, Director, *Brian M. Boynton,* Acting Assistant Attorney General, U.S. Department of Justice, Washington, D.C., with *Kourtney Collins*, Staff Attorney, U.S. Department of Veterans Affairs, for Defendant.

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

    Plaintiff, Ralph Saunders, alleges the Department of Veterans Affairs ("VA") breached a 2005 settlement agreement. (Tr. Compl. at 2, ECF No. 118). According to Mr. Saunders, the VA breached the agreement in 2006 when it informed the Department of Labor ("DOL") that Mr. Saunders voluntarily resigned rather than retired due to a disability. (*Id.*). Mr. Saunders claims that this breach caused the DOL to deny him workers' compensation benefits. (*Id.*). Ultimately, this Court is unable to grant Mr. Saunders's claim for relief because the statute of limitations expired in 2012, well before this litigation commenced.

### I.    Background[1]

    Mr. Saunders worked as a painter for the VA Southeast Louisiana Medical Center in New Orleans for 16 years. (Mot. to Dismiss Appx. at 2 at ¶ 2.2, ECF No. 127). During his employment, Mr. Saunders filed numerous Equal Employment Opportunity ("EEO") claims

---

[1] In considering the pending Motion to Dismiss, the Court assumes the facts alleged in Plaintiff's Transfer Complaint to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

against the VA for racial discrimination and retaliation. *Saunders v. Dept. of Veterans Affairs*, No. 19-11482 at *19 (E.D. La. Apr. 14, 2021) (ECF No. 94).

When Mr. Saunders separated from the VA in 2005, he entered into a settlement agreement to resolve his remaining EEO claims. (Mot. to Dismiss Appx. at 1–4). This agreement allowed Mr. Saunders to "retain any rights he may otherwise have to file a claim for workers' compensation" so long as he met DOL requirements for filing a claim. (Mot. to Dismiss Appx. at 1 ¶ 1.3).

Mr. Saunders sought workers' compensation benefits from the DOL after separating from the VA. (Tr. Compl. Ex. 1, ECF No. 118-1). The DOL denied his claim on April 6, 2006 and advised Mr. Saunders that he was not entitled to benefits because he voluntarily resigned from his position with the VA and was not terminated because of a work injury. (*Id.*). After being denied, Mr. Saunders sought redress from the VA Office of Resolution Management ("VA ORM") on May 10, 2006. *(*Mot. to Dismiss Appx. at 5). There, Mr. Saunders alleged that the VA failed to comply with the settlement agreement by communicating he resigned rather than retired due to a work injury. (*Id.*). The VA ORM denied his claim two months later. (Mot. to Dismiss Appx. at 8–13). Mr. Saunders filed a second Complaint on the same grounds seven years later; the VA also denied that claim. (Mot. to Dismiss Appx. at 2). Mr. Saunders appealed this decision to the Equal Employment Opportunity Commission, who ultimately denied the appeal. (Mot. to Dismiss Appx. at 20–25).

After his claims were denied at every administrative level, Mr. Saunders filed a Complaint in 2109 with the District Court for the Eastern District of Louisiana alleging breach of the settlement agreement, racial discrimination, and retaliation. (Compl. at 1–2, ECF No. 1). The District Court granted summary judgment for the defendant, thereby dismissing Mr. Saunders's claims. *Saunders*, No. 19-11482 at *19. Finding that the Court of Federal Claims had exclusive jurisdiction over the breach of settlement claim, the District Court transferred that claim. (ECF No. 79; ECF No. 111).[2] Mr. Saunders filed his Transfer Complaint with this Court alleging the VA breached their settlement agreement by spreading misinformation which led to the DOL denying him workers' compensation benefits. (Tr. Compl. at 1–2).

## II.     Discussion

The United States moves to dismiss Mr. Saunders's Transfer Complaint pursuant to RCFC 12(b)(1) and (6). (Mot. to Dismiss at 1). In its Motion, the United States first asserts that the statute of limitations expired in 2012, thus the Court lacks jurisdiction to entertain Mr. Saunders's claims. (*Id.* at 8). Second, the United States argues that, even if the Court did have jurisdiction, Mr. Saunders fails to state a claim in his Transfer Complaint. (*Id.* at 11). For the foregoing reasons, the Court agrees with both assertions and grants the United States' Motion to Dismiss.

---

[2] On October 30, 2020, the Eastern District of Louisiana entered an Order partially transferring this case, but that Order was not received by this Court until August 3, 2021. (*See* ECF No. 106).

### A. Subject Matter Jurisdiction

Determining whether the Court has jurisdiction is a threshold issue. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Under RCFC 12(b)(1), the plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). This Court's jurisdiction to entertain claims and grant relief depends on the extent to which the United States has waived sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399 (1976). When faced with a motion to dismiss for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), the Court must assume that all undisputed facts alleged in the complaint are true and draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). Moreover, the Court may look to evidence outside of the pleadings to ascertain the propriety of its exercise of jurisdiction over a case. *Rocovich v. United States*, 933 F.2d 991, 994 (Fed. Cir. 1991).

The Tucker Act grants this Court "jurisdiction to render judgment upon any claim against the United States founded . . . upon . . . any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). This Court may exercise jurisdiction over claims against the United States that have been "filed within six years after such a claim first accrues." 28 U.S.C. § 2501. Under the Tucker Act, a claim accrues "as soon as all events have occurred that are necessary to enable the plaintiff to bring suit." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003). The United States' Motion is predicated on the expiration of the statute of limitations that would bar Mr. Saunders's claims. (Mot. to Dismiss 8–11).

Mr. Saunders responds that the statute of limitations has not expired. (Pl.'s Resp. at 1, ECF No. 128). In support, Mr. Saunders directs the Court to 28 U.S.C. § 1406, the statute granting district courts the power to transfer cases to a proper venue. (*Id.*). However, that statute itself cannot confer subject-matter jurisdiction where it does not exist. To defeat the United States' argument, Mr. Saunders must prove that his claim was brought within the six-year statute of limitations. 28 U.S.C. § 2501.

Although Mr. Saunders also claims that the VA violated the settlement agreement in 2018, his Complaint specifically seeks redress for the breach of the settlement agreement that led to denial of workers' compensation benefits in 2006. (Pl.'s Resp. at 1; Tr. Compl. at 2). Therefore, even if a breach in 2018 occurred, it does not impact the statute of limitations relevant to the claim asserted in his Transfer Complaint. By his own admission, the events necessary for Mr. Saunders to bring this claim—i.e. the alleged breach— "happen[ed] over 16 years ago." (Pl.'s Resp. at 3). Accepting that as true, the limitations period ran nearly ten years ago. Even without this admission, Mr. Saunders's actions show that the events necessary for him to bring suit began to accrue nearly sixteen years ago. Indeed, Mr. Saunders filed the same claim for breach of the settlement agreement with the VA ORM in 2006, (Mot. to Dismiss. at 10), the latest possible date of accrual.

Since the claim began to accrue, at the latest, on May 10, 2006, this allowed Mr. Saunders to file his claim with this Court up until May 10, 2012. *See* 28 U.S.C. § 2501. Mr.

Saunders filed his Complaint with the Eastern District Court of Louisiana in 2019, more than nine years after the statute of limitations expired. (Compl. at 1). Because Mr. Saunders filed his Complaint beyond the statute of limitations, this Court lacks subject-matter jurisdiction to hear his claim and it must be dismissed.

### B. *Failure to States a Claim for Which Relief can be Granted*

The United States alternatively argues that, even if the Court possessed subject-matter jurisdiction over Mr. Saunders's claims, he still fails to state a claim for which relief can be granted under RCFC 12(b)(6). (Mot. to Dismiss at 11–12). A motion to dismiss for "failure to state a claim upon which relief can be granted" is appropriate under RCFC 12(b)(6) only "when the facts asserted by the claimant do not entitle [it] to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). Like motions based on RCFC 12(b)(1), in considering a motion to dismiss for failure to state a claim, the Court "must accept as true all of the allegations in the [pleading]" and "must indulge all reasonable inferences in favor of the nonmovant." *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001).

For a claim to be properly stated, the pleading "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. *Twombly*, 550 U.S. at 544. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Therefore, only a pleading that states a plausible claim for relief survives a motion to dismiss. *Ashcroft*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Mr. Saunders is proceeding pro se. Pro se plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Although the standards for pleading may be less stringent, the Court does not have a duty to create a claim not spelled out in the pleadings. *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011).  Even giving Mr. Saunders the benefit of these "less stringent standards," the Complaint still falls short.

Mr. Saunders does not allege sufficient facts to support his proposition that the VA breached the settlement agreement. Mr. Saunders alleges in his Transfer Complaint that he was denied workers' compensation benefits due to the VA spreading "misinformation" about his separation status. (Tr. Compl. at 2). However, the Transfer Complaint does not elevate these allegations past mere conclusory statements that Mr. Saunders was wronged and deserves redress. There is no mention of which provisions of the settlement agreement the "misinformation" violates, nor are there any facts that support how this alleged breach prevented Mr. Saunders from recovering workers' compensation benefits. The Transfer Complaint therefore fails to present a plausible claim for relief.

Even if Mr. Saunders properly pled facts to allow the Court to entertain his claim, it is otherwise meritless. Mr. Saunders claims that the VA breached the settlement agreement by communicating to the DOL that he had resigned. (Tr. Compl. at 2). However, the settlement agreement is clear that "[Mr. Saunders] resigned as of May 31, 2005, for personal reasons[.]" (Mot. to Dismiss Appx. at 1 ¶¶ 2.3 and 2.5). The VA did not breach the settlement agreement simply by saying that he resigned. Given that the statements from the VA are not in breach of the settlement agreement, and Mr. Saunders does not identify any other ways the settlement agreement was breached, his Complaint fails to state a claim.

Mr. Saunders responds that he did not resign and that forms used to support his resignation were falsified. (Pl.'s Resp. 1–3). He first asserts that the VA fabricated Standard Form 50 (Notification of Personnel Action) on May 30, 2005, to reflect his resignation. (*Id.* at 2). Mr. Saunders further contends that the VA falsified Standard Form 52 (Request for Personnel Action) by reflecting his voluntary resignation; he also alleges that he was never presented the form to sign. (*Id.*). However, even if they were properly presented, neither of these assertions relieve Mr. Saunders of the defects in his Complaint. Mr. Saunders seeks to recover for a breach of the settlement agreement which became effective on November 11, 2005. (Tr. Compl. at 1). Therefore, Standard Form 50, reflecting his resignation, could not have been a breach of the settlement agreement since it was effective nearly half a year prior to the settlement agreement. Furthermore, Mr. Saunders presents no support that Standard Form 52 was falsified. only attaching a blank Standard Form 52 as support which makes no representations regarding his separation status. (Pl.'s Resp. at 19–20[3]).

The allegations contained in Mr. Saunders's Transfer Complaint are supported merely by conclusory statements and are not substantiated in any meaningful way. Mr. Saunders has not presented sufficient factual matters upon which relief can be granted, and therefore this Court finds that he has failed to state a claim.

### III. Conclusion

For the stated reasons, the Court **GRANTS** the United States' Motion to Dismiss. (ECF No. 127). Mr. Saunders's Transfer Complaint is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(b)(1), or alternatively for failure to state a claim under RCFC 12(b)(6). The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge

---

[3] Mr. Saunders's Response to the Motion to Dismiss is accompanied by several exhibits but was filed as a single document. The CM/ECF system consecutively paginated the exhibits as a continuation of the Transfer Complaint; the substance of the claims comprises the first 4 pages of the document and the exhibits can be found on pages 5–50. The Court cites to the exhibits using the consecutive pagination assigned by the ECF system rather than exhibit identifiers.